# United States District Court
# District of Columbia

| | |
|---|---|
| United States of America | ) |
| | ) |
| vs. | ) Case No. 1:22-CR-00038-BAH |
| | ) |
| Jolene Eicher | ) |

### Motion *In Limine* to Prohibit the Government from Arguing or Eliciting Testimony Suggesting that Ms. Eicher is part of the "Alt-Right", is an Extremist, or is on a Watch List

Matthew Hill
Assistant Federal Public Defender
201 Abingdon Pl
Suite 201
Abingdon, VA  24210

Ms. Eicher moves this Court to rule *in limine* that the Government be prohibited from arguing or eliciting testimony that Ms. Eicher is an extremist, or part of the "Alt-Right", or that she was or has been placed on a watch list. Such testimony or evidence is not relevant to any issue before the Court, Rule 401. Even if such testimony is relevant the probative value is substantially outweighed by a danger of unfair prejudice or it would confuse the issues to be decided by the jury, Rule 403.

The government has produced discovery which included information suggesting that some people believed that Jolene Eicher had embraced views some consider extremist or part of the "alt-right". These opinions about Ms. Eicher seem to have originated with people who claimed to be acquainted with her without any stated facts to support those opinions. Further, discovery suggests that Ms. Eicher was noted for a watch list by the government. Ms. Eicher denies and disputes all of these allegations. Even if such information were true it is not relevant.

Federal Rule of Evidence 401 defines relevant evidence.

Evidence is relevant if:

(a) It has any tendency to make a fact more or less probable that it would be without the evidence; and
(b) The fact is of consequence in determining the action.

The facts at issue are set out within the information here. The evidence Ms. Eicher seeks to exclude does nothing to make any of the facts regarding her alleged conduct on January 6 more or less probable.

Even if such opinion or information is relevant any probative value is substantially outweighed by a danger of unfair prejudice. Testimony suggesting that Ms. Eicher is associated with the "alt-right" or that her views are extreme would be highly prejudicial and could cause jurors to make a decision based on anger or other strong emotions that they might associate with those poorly defined terms. Further, any such evidence or testimony would confuse the issues to be decided by the jury. Federal Rule of Evidence 403 precludes introduction of such evidence.

The Court should rule *in limine* that the Government be prohibited from introducing such evidence, cross examining any defense witnesses regarding these issues, or otherwise arguing such information.

Respectfully Submitted,<br>
**Jolene Eicher**<br>
By Counsel<br>
<br>
JUVAL O. SCOTT<br>
Federal Public Defender<br>
Western District of Virginia<br>
<br>
**Matthew Hill**<br>
Assistant Federal Public Defender<br>
Missouri State Bar No. 47889<br>
New Hampshire State Bar No. 18864<br>
Arkansas State Bar No. 2018170<br>
Attorney for the defendant<br>
Federal Public Defender's Office<br>
201 Abingdon Place<br>
Abingdon, VA 24211<br>
Telephone: (276) 619-6086<br>
Fax: (276) 619-6090<br>
matt_hill@fd.org

## Certificate of Service

The undersigned hereby certifies that this document was filed electronically and a copy will automatically be sent to all counsel of record by the CM/ECF system.

/s/ Matthew Hill