# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 22-CR-38 (BAH) |
| v. : | |
| : | |
| JOLENE EICHER, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

The United States of America respectfully submits this response to the defendant's Motion in Limine to Prohibit the Government from Arguing or Eliciting Testimony Suggesting that Ms. Eicher is part of the "Alt-Right", is an Extremist, or is on a Watch List ("Def.'s Mot."), ECF No. 52. Defendant Jolene Eicher, who is charged in connection with events at the U.S. Capitol on January 6, 2021, requests that the Court "rule in limine that the Government be prohibited from arguing or eliciting testimony that Ms. Eicher is an extremist, or part of the 'Alt-Right,' or that she was or has been placed on a watch list." Def.'s Mot. at 2. While the defendant does not specify the evidence or expected testimony to which she is referring, the government generally would not dispute that such material would be inadmissible. However, the government opposes the requested relief to the extent the defendant targets evidence or argument that—depending on developments at trial—contribute to an accurate establishment and description of the defendant's crimes. Indeed, in proper context, the references the defendant seeks to preclude could bear on the defendant's intentions, knowledge, and participation in the events surrounding January 6, 2021. At a minimum, the government should not have to avoid certain terms or phrases where the evidence supports accurate descriptor or explanator language, and the Court can evaluate any objectionable incidents as they arise during trial.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "The general rule is that relevant evidence is admissible," *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993), a "liberal" standard, *United States v. Moore*, No. 18-cr-198, 2022 WL 715238, at *2 (D.D.C. Mar. 10, 2022). Relevant evidence may nevertheless be inadmissible if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Evidence or language is unfairly prejudicial if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Sanford Ltd.*, 878 F. Supp. 2d 137, 143 (quoting Fed. R. Evid. 403, advisory committee's note). But this does not require the government "to sanitize its case, to deflate its witnesses' testimony or to tell its story in a monotone." *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998). "[T]he law permits the prosecution considerable latitude to strike 'hard blows' based on the evidence and all reasonable inferences therefrom." *United States v. Rude*, 88 F.3d 1538, 1548 (9th Cir. 1996) (quoting *United States v. Baker*, 10 F.3d 1374, 1415 (9th Cir. 1993)). Ultimately, the Rule 403 balance "should generally be struck in favor of admission when the evidence indicates a close relationship to the offense charged," which is the case here. See United States v. Johnson, 802 F.2d 1459, 1464 (D.C. Cir. 1986) (quotations omitted).

The government agrees that it cannot elicit evidence of the defendant's political views solely to describe those views as "extremist," suggest to the jury any derivative improper evidentiary implication, or inappropriately demonstrate her character. However, evidence accurately demonstrating the defendant's motive, planning, knowledge, and intent on January 6, 2021, does not fall under this umbrella. Specifically, evidence involving references to the defendant being "extremist" or "alt-right" may be relevant to establishing the elements of the offenses, such as her having acted knowingly and her intent to "impede or disrupt the orderly conduct of Government business or official

2

functions," 18 U.S.C. § 1752(a)(2), or her "intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress," 40 U.S.C. § 5104(e)(2)(D).

    To carry its burden at trial, the government agrees that it cannot rely on bare representations that the defendant was an "extremist," "alt-right," or placed on a watchlist. But the defendant's fears that jurors may convict her "based on anger or other strong emotions," Def.'s Mot. at 3, should be assuaged by the Court's ability to rule on evidentiary matters within their context at trial.[1] The defendant's requested relief may apply broadly and prematurely, even where a witness contends this language is accurate, related testimony establishes the terms' accuracy and relevance, or where the defense opens the door. In other words, the government opposes the defendant's motion to the extent it attempts to prematurely limit any relevant evidence or argument directly concerning the defendant's willing participation and intent in joining a violent mob that forcibly breached the Capitol building because this is the precise conduct for which she is charged.

                                  Respectfully submitted,

                                  MATTHEW M. GRAVES
                                  United States Attorney
                                  D.C. Bar Number 481052

                                  */s/ Christopher Brunwin*
                                  CHRISTOPHER BRUNWIN
                                  California Bar No. 158939
                                  Assistant United States Attorney, Detailee
                                  United States Attorney's Office
                                  Central District of California
                                  312 N. Spring Street
                                  Los Angeles, California 90012
                                  (213) 894-4242
                                  christopher.brunwin@usdoj.gov

---

[1] Additionally, the Court need not now resolve pretrial "speculation [that] fails to account for voir dire and limiting instructions[,]" *United States v. Fitzsimons*, 605 F. Supp. 3d 92, 102 (D.D.C. 2022) (citing *United States v. Weisz*, 718 F.2d 413, 432 (D.C. Cir. 1983); *United States v. Young*, No. 12-cr-0042, 2013 WL 12430550, at *6 (D.D.C. July 22, 2013)).

                                                NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
(202) 252-7759
nathaniel.whitesel@usdoj.gov