# United States District Court
# District of Columbia

United States of America                )
                                        )
vs.                                     )  Case No.  1:22-CR-00038-BAH
                                        )
Jolene Eicher                           )

**Reply to Government's Response in Opposition to Defendant's Notice of and Motion**
***In Limine*** **to Preclude Argument or Evidence about Public Authority**

Matthew Hill
Assistant Federal Public Defender
201 Abingdon Pl
Suite 201
Abingdon, VA  24210

The Government moves this Court to rule *in limine* that she be precluded from presenting argument or evidence of a public authority defense at trial. The Government cites no rule of evidence to support exclusion of the facts described within the notice. The Court should deny the Government's motion.

The notice pursuant to Rule 12.3, like the notices under Rules 12.1 and 12.2, is made to advise the government of her intent so that the Government may meet factual assertions at trial. Ms. Eicher should be allowed to present facts in support of this defense to a jury and the jury then properly instructed on the law.

The Government's attorney equates Ms. Eicher's case to that of a leader of the "Proud Boys" with their citation to prior rulings of this Court in *United States v. Chrestman*. Ms. Eicher's circumstances are very different from that individual.

Mr. Chrestman came to the Capitol on January 6 armed with at least one weapon and armored with a helmet and other protective gear for his planned violence. Ms. Eicher expects any evidence about her conduct and appearance on January 6 would show that she did no violence. She carried no weapon. Her only protective head gear was a hair covering worn consistent with her Mennonite faith. Mr. Chrestman was charged with violent felonies. Ms. Eicher is charged with common misdemeanors. These differences support a different analysis.

The misdemeanors here are alleged via information. That information charges four violations of the law by Ms. Eicher. Common to each count is that Ms. Eicher knowingly or willfully was in or on the United States Capitol or its grounds. The Defendant's notice, as required by Rule 12.3, sets out the findings of others

regarding the conduct of the 45th president.  A President who directed the gathered citizens to go to the Capitol.

The Government seeks, effectively, a ruling from this Court that the 45th President has nothing to do with what happened on January 6 or what Ms. Eicher believed that person said.  The 45th President has everything to do with what Ms. Eicher believed and what transpired in and around the Capitol on January 6, 2021. Ms. Eicher is entitled to offer such evidence at trial and, if appropriate, to have the jury instructed how that evidence may or may not effect their deliberations and decision.

The Government cites no law or rule of evidence to exclude the facts.  Rather they seek a preemptive ruling on the sufficiency of evidence as yet unoffered. Whether that evidence if offered would support certain instructions to the jury is a question that should only be answered after such presentation.

Should the Court believe that the issue of presentation of evidence to support Public Authority or entrapment by estoppel is an issue that must be resolved via a *limine* motion the Defendant offers this brief response.

The Government's attorney argues that Ms. Eicher cannot present sufficient evidence to present a public authority or entrapment by estoppel argument.  The Government focusses on their belief that "no government agent possessed actual authority to order or sanction the defendant's criminal actions, and, in any event, it would have been objectively unreasonable to rely on any such order."  (ECF 51 P. 2)

This view ignores the actions of the 45th President, the findings of the House select committee, and articles of impeachment passed by the 117th Congress.

The Government cites *U.S. v. Fulcher*, 250 F.3d 244 (4th Cir. 2001) to describe why public authority would fail here. The holding of the Fourth Circuit in *Fulcher* is:

> [W]e hold that criminal intent is negated if two elements are met: (1) the defendant honestly believed that he was acting in cooperation with the government, and (2) the government official or officials upon whose authority the defendant relied possessed actual authority to authorize his otherwise criminal acts.

*Id.* at 253. The question of Ms. Eicher's honest belief and whether the person relied on possessed authority are both questions of fact which should be resolved by the jury at a trial.

The Defendant emphasizes that it was not just statements made at the ellipse which supports this defense. It includes statements made between election day and January 6. Breaking down to the simplest terms what was stated by the former President, he told the many assembled citizens to go to the Capitol. He told them, as found by the January 6th Committee, that:

> [A]llegations of "massive fraud" related to the 2020 election "allow[] for the termination of all rules, regulations and articles, even those found in the Constitution." And President Trump considered pardoning those involved in the attack and has since expressed a desire to pardon them…

117th Congress, 1st Session United States House of Representatives Resolution 24.[1]

---

[1] Full text of the article of impeachment can be found at https://www.congress.gov/bill/117th-congress/house-resolution/24/text (last visited April 18, 2023).

This statement found by the January 6th Committee is an assertion of what was legal by that person charged with enforcing the laws of the United States. This is precisely the sort of statement about what is legal as described in *United States v. Cox*, 906 F.3d 1170 (10th Cir. 2018). These assertions by the former President could honestly be believed by Jolene Eicher. She should be allowed to present these issues to the finder of fact.

The assertion that it would be objectively unreasonable for any person to rely on the statements of the 45th President seems to ignore his apparent authority. The executive who, as found by a Congressional committee, has pledged that he would pardon persons who went to the place Ms. Eicher is alleged to have gone. If the then President had the authority to later excuse going to such a place he had the authority to allow a person to go there to begin. This is apparent, if not actual, authority.

The Defendant, in addition to the Government's cited case regarding *Chrestman*, is aware of *United States v. Sheppard*, 2022 WL 17978837 (Hon. John D Bates United States District Judge District of Columbia). Ms. Eicher states that the analysis of the Public Authority defense is more completely informed in light of all of the findings of the January 6th committee and as contained in the articles impeaching the 45th President for the second time than just a transcript of what was said at the Ellipse.

A belief of Ms. Eicher that she could go where she is alleged to have gone is a question of fact. If such belief is legitimate, however wrong

factually, it negates the *mens rae* of the crimes charged.  A jury should be permitted to consider evidence in support of that belief and instructed on the law as appropriate.

Respectfully Submitted,

**Jolene Eicher**
By Counsel

JUVAL O. SCOTT
Federal Public Defender Western
District of Virginia

**Matthew Hill**
Assistant Federal Public Defender
Missouri State Bar No. 47889
New Hampshire State Bar No. 18864
Arkansas State Bar No. 2018170 Attorney
for the defendant
Federal Public Defender's Office
201 Abingdon Place
Abingdon, VA 24211
Telephone: (276) 619-6086
Fax: (276) 619-6090
matt_hill@fd.org

**Certificate of Service**

The undersigned hereby certifies that this document was filed electronically and a copy will automatically be sent to all counsel of record by the CM/ECF system.

/s/ Matthew Hill