UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 22-CR-38-BAH |
| | : | |
| JOLENE EICHER, | : | |
| | : | |
| Defendant. | : | |

# JOINT PROPOSED JURY INSTRUCTIONS

**Instructions Before and During Trial:**

The government has no objection to the Pattern Jury Instructions for the District of Columbia, 2022 Release ("Redbook"), as appropriate based on developments at trial

**Final Instructions**

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Evidence in the Case, Redbook 2.104

6. Statements of Counsel, Redbook 2.105

7. Information Not Evidence, Redbook 2.106

8. Burden of Proof, Redbook 2.107

9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11. Nature of Charges Not To Be Considered, Redbook 2.110

12. Number of Witnesses, Redbook 2.111

13. Inadmissible and Stricken Evidence, Redbook 2.112

14. Credibility of Witnesses, Redbook 2.200

15. Police Officer's Testimony, Redbook 2.207

16. Right of Defendant Not to Testify, Redbook 2.208 *or*

17. Defendant as Witness, Redbook 2.209, *as applicable*

18. Character of Defendant, Redbook 2.213, *as applicable*

19. Cross-Examination of Character Witness, Redbook 2.214, *as applicable*

20. Statements of the Defendant – Substantive Evidence, Redbook 2.305

21. Stipulation of Fact, Redbook 1.103(A), *as applicable*

22. Transcripts of Tape Recordings, Redbook 2.310

23. Count One, Entering and Remaining in a Restricted Building or Grounds

24. Count Two, Disorderly and Disruptive Conduct in a Restricted Building or Grounds

25. Count Three, Disorderly and Disruptive Conduct in a Capitol Building

26. Count Four, Parading, Demonstrating, or Picketing in a Capitol Building

27. Proof of State of Mind, Redbook 3.101

28. Multiple Counts – One Defendant, Redbook 2.402

29. Unanimity—General, Redbook 2.405

30. Verdict Form Explanation, Redbook 2.407

31. Redacted Documents and Tapes, Redbook 2.500

32. Exhibits During Deliberations, Redbook 2.501

33. Selection of Foreperson, Redbook 2.502

34. Possible Punishment Not Relevant, Redbook 2.505

35. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

36. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

37. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

38. Excusing Alternate Jurors, Redbook 2.511

39. Court Interaction with Jury During Deliberations – Note, Redbook 2.600

40. When Jurors Cannot Agree, Redbook 2.601

41. Instructions to Jury Before Polling, Redbook 2.602

42. Instructions to Jury After Polling, Redbook 2.603

43. Comment on Verdict – Note, Redbook 2.604

**Proposed Instruction No. 23**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[1]**

18 U.S.C. § 1752(a)(1)

Count One of the Information charges that: On or about January 6, 2021, in the District of Columbia, **JOLENE EICHER** did unlawfully and knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, without lawful authority to do so, in violation of 18 U.S.C. § 1752(a)(1).

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant entered or remained in a restricted building or grounds without lawful authority to do so; and
2. The defendant did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the

---

[1] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.[2]

---

[2]   *See* Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).

**Proposed Instruction No. 24**

**DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS[3]**

18 U.S.C. § 1752(a)(2)

Count Two of the Information charges that: On or about January 6, 2021, in the District of Columbia, **JOLENE EICHER** did knowingly, and with intent to impede and disrupt the order conduct of government business and official functions, engage in disorderly or disruptive conduct in a restricted building or grounds, in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions, in violation of 18 U.S.C. § 1752(a)(2).

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

2. The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and

3. The defendant's conduct occurred when, or so that, her conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

---

[3]    18 U.S.C. § 1752.

2

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[4]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instruction for Count One.

---

[4] Redbook 6.643.

Proposed Instruction No. 25

**DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING**

40 U.S.C. § 5104(e)(2)(D)

Count Three of the Information charges that: On or about January 6, 2021, in the District of Columbia, **JOLENE EICHER** willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress, in violation of 40 U.S.C. § 5104(e)(2)(D).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

3. Third, that the defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.[5]

---

[5] 40 U.S.C. § 5101

The term "disorderly or disruptive conduct" has the same meaning described in the instruction for Count Two defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[6]

The term "knowingly" has the same meaning described in the instruction for Count One.

For the purposes of Count Three, "the orderly conduct of a session of Congress or either House of Congress" includes all the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College vote from the 2020 presidential election.

---

[6] *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

**Proposed Instruction No. 26**

**PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING**

40 U.S.C. § 5104(e)(2)(G)

Count Four of the Information charges that: On or about January 6, 2021, within the District of Columbia, **JOLENE EICHER**, willfully and knowingly paraded, demonstrated, and picketed in any United States Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.
2. Second, that the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[7]

The terms "United States Capitol Buildings," "knowingly," and "willfully" have the same meanings described in the instructions for Counts One and Three.

---

[7] *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

**Defendant's[8] Proposed Instruction No. __**

**POLITICAL VIEWS**

This case involves alleged conduct of the defendant that may be directly relevant to her political views or beliefs around the time of that conduct. As a general matter, a person's political views are not a relevant consideration in deciding whether the government has met its burden of proof. In some cases, such as this case, political beliefs or views may be relevant to a defendant's mental state, and if so, you should consider them only in this respect. But you should not hold any perceived view of a defendant's political beliefs or views against her. Every person in this country is entitled to be judged by an impartial jury.

---

[8] The government does not join this and the following defense-proposed instructions.

**Defendant's Proposed Instruction No. __**

**THEORY OF DEFENSE – MISTAKE OF LAW**

Ms. Eicher has raised a defense that she was on the Capitol grounds on January 6th because she was told that she and many others could and should go there by the then President Donald Trump. A bona fide belief that someone is authorized to be in a location, even one that is restricted, is a defense to each of the charges at issue here.

**Defendant's Proposed Instruction No. __**

**(Alternative) THEORY OF DEFENSE – MISTAKE OF FACT**

A defendant's bona fide belief that she is permitted to be in a location, even one that is in fact restricted, is a defense to each of the charges at issue here.