UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 22-CR-38 (BAH) |
| | : | |
| **JOLENE EICHER,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE ARGUMENT OR EVIDENCE ABOUT PUBLIC AUTHORITY**

The United States moved *in limine* to preclude the defendant from presenting argument or evidence about a public authority defense at trial. *See* ECF No. 51. The United States so moved because, as this Court has previously found, "following orders, without more, can[not] transform an illegal act into a legal one" and since "a President cannot, within the confines of his constitutional authority, prevent the constitutionally mandated certification of the results of a Presidential Election or encourage others to do so on his behalf, nor can he direct an assault on the coequal Legislative branch of government . . . even if former President Trump in fact [explicitly directed the rioters' actions,] his statements would not immunize defendants charged with offenses arising from the January 6 assault on the Capitol from criminal liability." *United States v. Chrestman*, 525 F. Supp. 3d 14, 32–33 (D.D.C. 2021).

Defendant's response asserts that the facts of this case are different from the facts in *Chrestman*. Reply to Government's Response, at 2 (ECF No. 57). The facts, however, do not differ in any way that would change the conclusion that the former president could not authorize the January 6 assault on the Capitol and he could not immunize defendants, like this defendant, for attacking the Capitol and violating the law. In fact, defendant's entire argument essentially just

restates the assertion, repeatedly and in different forms, that the former president authorized her illegal actions. The law, however, rejects that argument and holds that the former president could not do that within the confines of his constitutional authority, and the same conclusion applies even if the defendant were to attempt to characterize her argument as an estoppel defense, because this Court held that an entrapment-by-estoppel defense by a January 6 rioter:

> would not be premised, as it was in *Raley* [and] *Cox*, . . . on a defendant's confusion about the state of the law and a government official's clarifying, if inaccurate, representations. It would instead rely on the premise that a defendant, though aware that his intended conduct was illegal, acted under the belief President Trump had waived the entire corpus of criminal law as it applied to the mob.

*Chrestman*, 525 F. Supp. 3d at 32; *see also United States v. Smith*, 940 F.2d 710, 715 (1st Cir. 1991) (rejecting entrapment-by-estoppel defense because federal agent allegedly encouraged defendant to keep firearms to assist with undercover operation, but never was alleged "to have represented that keeping the guns was, in fact, *legal*"); *North*, 910 F.2d 843 (noting that "North does not even claim that he relied on *any* 'conclusion or statement of *law*'"). That is not possible and the theory does not describe a viable defense.

As stated both here and in the United States' Motion, this Court should preclude the defendant from presenting argument or testimony about a legally invalid public authority defense at trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

DATED: May 8, 2023          By:     /s/ *Christopher Brunwin*
Christopher Brunwin
Assistant United States Attorney
California State Bar No. 158939
312 N. Spring Street
Los Angeles, California 90012
(213)894-4242
Christopher.Brunwin@usdoj.gov

Nathaniel K. Whitesel
Assistant United States Attorney
D.C. Bar No. 1601102
601 D ST, NW
Washington, D.C. 20530
(202)252-7759
Nathaniel.Whitesel@usdoj.gov