UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 22-CR-38 (BAH) |
| v. : | |
| : | |
| JOLENE EICHER, : | |
| : | |
| Defendant. : | |

UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL ATTORNEY CONDUCTED VOIR DIRE

The United States of America respectfully submits this response to the defendant's Motion for Partial Attorney Conducted *Voir Dire* ("Def.'s Mot."), ECF No. 58. Defendant Jolene Eicher, who is charged in connection with events at the U.S. Capitol on January 6, 2021, requests that the Court, on top of its typical *voir dire* procedures, grant each side an additional thirty minutes for further counsel-conducted questioning. Def.'s Mot. at 2. But the added hour—at least—that the requested additional *voir dire* would create is more likely than not to extend proceedings, rather than enhance them, and the Court should deny the defendant's motion.[1]

A trial court has "broad discretion" in "deciding what questions to ask prospective jurors." *United States v. Tsarnaev*, 142 S. Ct. 1024, 1034 (2022). The Supreme Court has repeatedly said that jury selection falls "'particularly within the province of the trial judge.'" *Id.* at 1034 (quoting *Skilling v. United States*, 561 U.S. 358, 386 (2010); *see also Mu'Min v. Virginia*, 500 U.S. 415, 424 (1991) ("[T]he trial court retains great latitude in deciding what questions should be asked on *voir dire*."). A trial court's broad discretion in this area includes deciding what questions to ask prospective jurors. *See Mu'Min*, 500 U.S. at 427. And, with limited exceptions, no particular

---

[1] This Court recently denied a similar request in *United States v. Stedman*, No. 21-cr-383 (BAH), concluding that attorney-conducted *voir dire* would be "both unnecessary and counterproductive." Memorandum Opinion and Order at 8, ECF No. 58.

questions are constitutionally required, unless a failure to ask them would "render the trial fundamentally unfair." *See Mu'Min v. Virginia*, 500 U.S. 415, 425–26 (1991) (rejecting requirement to ask questions about the content of pretrial publicity to which prospective jurors were exposed).

Undersigned counsel understands that:

> During the jury selection process, the Court will pose questions collectively to the venire panel as a whole, based upon input from the parties through proposed *voir dire* questions submitted as part of the Joint Pretrial Statement. Then, follow-up questions will be asked of prospective jurors individually, as necessary, after consultation with counsel for defendant and the government. Thus, counsel for both parties will have the opportunity to propose to the Court follow-up questions to be posed to prospective jurors to ensure a searching *voir dire* without unnecessarily delaying the jury-selection process and risking prejudicing potential jurors.

*Stedman*, Memorandum Opinion and Order at 8, ECF No. 58 (internal citation omitted). The government concurs with this typical process, which is consistent with the practice of other members of this Court.

Rather than "[e]nsuring that [the defendant] receives a fair trial[,]" Def.'s Mot. at 15, attorney-conducted *voir dire* is more likely to extend proceedings and increase the risk that improper or leading questions are asked to prospective jurors. The consistent *voir dire* practice of this Court and others in this district repeatedly produces fair and neutral panels of juries—not just in Capitol Riot cases, but criminal cases generally. This process further promotes judicial economy, helping to fairly, but expediently, try the matter before the Court.

For the reasons stated above, the defendant's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

        By: */s/ Christopher Brunwin*
           CHRISTOPHER BRUNWIN
           California Bar No. 158939
           Assistant United States Attorney, Detailee
           United States Attorney's Office
           Central District of California
           312 N. Spring Street
           Los Angeles, California 90012
           (213) 894-4242
           christopher.brunwin@usdoj.gov

           */s/ Nathaniel K. Whitesel*
           NATHANIEL K. WHITESEL
           Assistant United States Attorney
           DC Bar No. 1601102
           601 D Street NW
           Washington, DC 20530
           (202) 252-7759
           nathaniel.whitesel@usdoj.gov