# United States District Court
# District of Columbia

| | |
|---|---|
| United States of America | ) |
| | ) |
| vs. | ) Case No. 1:22-CR-00038-BAH |
| | ) |
| Jolene Eicher | ) |

### Objections to Government's Proposed Exhibits

Matthew Hill
Assistant Federal Public Defender
201 Abingdon Pl
Suite 201
Abingdon, VA  24210

The Government attached to the Joint Pretrial Statement a list of potential trial exhibits. The Defendant was not provided a copy of those exhibits before the statement was filed.

The Government states that they intend to offer all of the exhibits in their case in chief. The Defendant objects to the following exhibits:

<u>Exhibit 7</u> – This is a photograph of cards found inside the pocket of a jacket seized from Ms. Eicher's home. The Defendant does not believe there is evidence to show that she possessed those cards on January 6, 2021. Further, if there is evidence to show that she possessed those cards on January 6, 2021, the Defendant does not believe there is evidence to show that she did anything with those cards.

The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action. Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay. Rule 403.

<u>Exhibits 207 & 300</u> – These exhibits are each video montages which appear to show areas in and around the United States Capitol Building on January 6, 2021. Ms. Eicher does not stipulate to the foundation of these videos. Ms. Eicher further believes that she does not appear in any of these images or videos. Still further, this montage depicts areas of the Capitol where no evidence exists to show that Ms.

Eicher was in those places on January 6.  Still Further, this montage shows acts of apparent violence perpetrated by others not associated with Ms. Eicher.

The Defendant objects to this video as not being relevant as it fails to make any fact at issue here more or less probable or any facts proved with this montage are not of consequence in determining this action.  Rule 401.

Even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay.  Rule 403.

<u>Exhibit 400</u> – This appears to be the entire download of a Facebook account allegedly belonging to Ms. Eicher.  This exhibit is 1431 pages.  The Defendant objects to admission of this exhibit generally as being not relevant, Rule 401, or, if relevant, the probative value is outweighed by the waste of time by presentation of this large exhibit, Rule 403.  There are further objections to specific excerpts set out below.  The Defendant further states those same objections here.

<u>Exhibit 401</u> – This is a portion of a post from Facebook.  It includes comments about antifa and BLM.  It also includes meme style photos of the Vice President, the Former Speaker of the House, and others.  The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action. Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay.  Rule 403.  Particularly as this exhibit includes

photographs and "quotes" of prominent political figures including the Vice President and the Former Speaker of the House of Representatives which are likely to provoke an emotional response in at least some of the jurors.

<u>Exhibit 402</u> – This is a portion of a post from Facebook with comments allegedly made by the Defendant to some post. The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action. Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay. Rule 403.

<u>Exhibit 403</u> – This is a portion of a post from Facebook. This includes comments allegedly by the Defendant regarding good, evil, god, and mercy. The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action. Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay. Rule 403.

<u>Exhibit 404</u> – This is a portion of a post from Facebook. These are comments allegedly made by the Defendant and others regarding conspiracy chatter, the communists, the Lithuanians, and the Canadians. In context it seems reasonably clear these were comments meant to be humorous. The Defendant objects to

4

relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action. Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay. Rule 403.

Still further, this exhibit includes hearsay statements not covered by any exception to the hearsay rules. Rule 801 *et seq.*

<u>Exhibit 405</u> – This is a portion of a post from Facebook. It appears to be a repost of an article reportedly "FROM A PRAGUE NEWSPAPER". The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action. Rule 401. Particularly this appears to be something copied from another source and pasted to the Facebook page. It then proceeds to attribute the content to "A PRAGUE NEWSPAPER". Still further, this exhibit comments on the current President and the people who support him.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay. Rule 403.

<u>Exhibit 406</u> – This is a post from Facebook. This appears to be a repost from someone else regarding the former president, dictators, and censorship. The Defendant objects to relevance as it fails to make any fact at issue here more or less

5

probable or any facts proved with this exhibit are not of consequence in determining this action. Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay. Rule 403. More particularly this conversation discusses persons being interview by the FBI as well as conversations with attorneys and rights that a person has in such circumstances.

<u>Exhibit 407</u> – This is a portion of a chat from Facebook. It appears to be about the FBI seeking an interview of another person and a discussion of rights people have regarding such conversations. The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action. Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay. Rule 403.

Still further, this exhibit includes hearsay statements not covered by any exception to the hearsay rules. Rule 801 *et seq.*

<u>Exhibit 408</u> – This is a portion of a chat from Facebook. The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action. Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay.  Rule 403.

Still further, this exhibit includes hearsay statements not covered by any exception to the hearsay rules.  Rule 801 *et seq.*

<u>Exhibit 410</u> – This is a post from Facebook.  It is not clear if this is an original post from the Defendant's page or a repost from someone else.  The topics range from the Tennessee legislature, Italy, Lindsey Graham, Lin Wood, Isaac Kappy, the former Vice President, James Bulger, Hunter Biden, antifa, laptops stolen from the capitol, 6000 troops, and other facts and evidence.  The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action.  Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay.  Rule 403.

<u>Exhibit 411</u> – This is a portion of a chat from Facebook.  The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action.  Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay.  Rule 403.

Still further, this exhibit includes hearsay statements not covered by any exception to the hearsay rules.  Rule 801 *et seq.*

<u>Exhibit 412</u> – This is a portion of a chat from Facebook.  The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action.  Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay.  Rule 403.

Still further, this exhibit includes hearsay statements not covered by any exception to the hearsay rules.  Rule 801 *et seq.*

<u>Exhibit 413</u> – This is a portion of a chat from Facebook.  The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action.  Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, needlessly presenting cumulative evidence, or undue delay.  Rule 403.

Still further, this exhibit includes hearsay statements not covered by any exception to the hearsay rules. Rule 801 *et seq.*

<u>Exhibit 414</u> – This is a portion of a chat from Facebook. The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action. Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay. Rule 403.

Still further, this exhibit includes hearsay statements not covered by any exception to the hearsay rules. Rule 801 *et seq.*

<u>Exhibit 415</u> – This is a portion of a chat from Facebook. The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action. Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay. Rule 403.

Still further, this exhibit includes hearsay statements not covered by any exception to the hearsay rules. Rule 801 *et seq.*

<u>Exhibit 418</u> – This is a portion of a chat from Facebook. The Defendant objects to relevance as it fails to make any fact at issue here more or less probable

or any facts proved with this exhibit are not of consequence in determining this action.  Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay.  Rule 403.

Still further, this exhibit includes hearsay statements not covered by any exception to the hearsay rules.  Rule 801 *et seq.*

**Exhibit 419** – This is a portion of a post from Facebook.  The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action.  Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay.  Rule 403.

Still further, this exhibit includes hearsay statements not covered by any exception to the hearsay rules.  Rule 801 *et seq.*

**Exhibit 420** – This is a portion of a post from Facebook.  The contents are just a photo with words saying that "President Trump to address the nation."  The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action.  Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay.  Rule 403.

Still further, this exhibit includes hearsay statements not covered by any exception to the hearsay rules.  Rule 801 *et seq.*

**Exhibit 421** – This is a portion of a post from Facebook.  It begins with a headline and story from the Washington Post.  Following that is a running series of comments allegedly made by the Defendant and various others regarding the content of that Post article.  The Defendant objects to relevance as it fails to make any fact at issue here more or less probable or any facts proved with this exhibit are not of consequence in determining this action.  Rule 401.

Further, even if the contents of this exhibit are relevant it should be excluded as the probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, or undue delay.  Rule 403.

Still further, this exhibit includes hearsay statements not covered by any exception to the hearsay rules.  Rule 801 *et seq.*

**Exhibits 701 to 707 inclusive** – The Government has indicated its intention to offer as exhibits at the trial of this matter a number of "Open source" videos or photographs.  The Defendant objects as the Government has failed to identify anyone who may answer the predicate questions necessary to satisfy the authentication requirements of Rule 901 or 902.  Absent sufficient authentication these exhibits should not be admitted.

11

Respectfully Submitted,

**Jolene Eicher**
By Counsel

JUVAL O. SCOTT
Federal Public Defender
Western District of Virginia

**Matthew Hill**
Assistant Federal Public Defender
Missouri State Bar No. 47889
New Hampshire State Bar No. 18864
Arkansas State Bar No. 2018170
Attorney for the defendant
Federal Public Defender's Office
201 Abingdon Place
Abingdon, VA 24211
Telephone: (276) 619-6086
Fax: (276) 619-6090
matt_hill@fd.org

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was electronically filed and will be forwarded to the Assistant United States Attorney, this 19th day of May, 2023.

s/Matthew Hill