# United States District Court
# District of Columbia

| | |
|---|---|
| United States of America | ) |
| | ) |
| vs. | ) Case No. 1:22-CR-00038-BAH |
| | ) |
| Jolene Eicher | ) |

### Reply to Government's Response to Defendant's Objections to Government's Proposed Exhibits

Matthew Hill
Assistant Federal Public Defender
201 Abingdon Pl
Suite 201
Abingdon, VA  24210

The Defendant replies to the Government's response to her objections to the Government's proposed exhibits.

<u>Exhibit 7</u>.  These are a stack of cards found inside the pocket of a jacket seized from her home more than a year after the events described in the information here.  The Government's response fails to demonstrate when the cards were acquired or where they were acquired.  Absent proof that these cards were possessed by Ms. Eicher before or during any time that she may have been on the Capitol grounds on January 6, 2021.  That the cards were reportedly found at her home more than a year later does not make any fact at issue more or less probable.  The Government's argument that the cards show her statement mind requires that the cards be shown to be in her possession before or during the events in the information.  This evidence is lacking and the cards are therefore not relevant, Rule 401.

Even if these cards are relevant the probative value of these cards, for the purposes stated by the Government, is slight.  The cards at best state an opinion as to the results of the 2020 Presidential election.  The cards do not describe any plan, or intention to disrupt the orderly business of Congress.  The Defendant's objection should be sustained.

<u>Exhibits 207 and 300</u>.  That these exhibits have been admitted in other cases does not make them admissible or relevant here, particularly when it is not known whether such admissions were over objections by those Defendants.

The Government's assertion that these exhibits "show the jury the larger events of January 6 and demonstrate how the actions of the mob, which included the Defendant, impeded and disrupted the orderly conduct of government business and disrupt a session of Congress." fails under the fundamental test of relevance.  It fails to show anything that is attributable to Jolene Eicher.  These exhibits do not make it more probable that Ms. Eicher was present in the places shown, that she intended or did disrupt the electoral count, or whether she paraded.

If these montage exhibits are relevant it is not significantly so.  Any probative value is substantially outweighed by the unfair prejudice that the actions of others, remote in location and time, might be attributed to Ms. Eicher.  The actions of others are not on trial in this case.  Presentation of this evidence could mislead the jury into believing that is the case.  This evidence should not be admitted, Rule 403.

<u>Exhibit 400</u>.  This appears to be the entire download of Ms. Eicher's Facebook page.  Admission of more than 1400 pages invites a profound waste of time by jurors.  Given the Government's statement that it is largely intended for identification purposes for the more specific exhibits they fail to demonstrate how those pages not specifically identified are relevant.  Or, if relevant, about 1400 pages would cause undue delay of consideration of other evidence which might be admitted.

<u>Exhibit 401</u>.  The portions text portion of this exhibit allegedly typed by Ms. Eicher include references to Antifa and BLM in a way that is not positive for those

that have a different view of other events in and around the Capitol. The images and "quotes" could also cause jurors who have positive opinions of the individuals or topics to make a decision about the facts of this case based on an emotional reaction to those topics or images as opposed to the evidence presented at trial. This is sufficient prejudice to offset any relevance, Rule 403.

<u>Exhibit 402</u>. The Defendant stands on her prior objection.

<u>Exhibit 403</u>. The Defendant stands on her prior objection.

<u>Exhibit 404</u>. The Defendant stands on her prior objection.

<u>Exhibit 405</u>. The Defendant stands on her prior objection.

<u>Exhibit 406</u>. The Defendant stands on her prior objection.

<u>Exhibit 407</u>. The Defendant stands on her prior objection.

<u>Exhibit 408</u>. This subsequent statement allegedly made by Ms. Eicher does nothing to prove a state of mind at or before the time alleged in the information. Beyond that the Defendant stands on her prior objection.

<u>Exhibit 410</u>. The Defendant stands on her prior objection.

<u>Exhibit 411</u>. The Defendant stands on her prior objection.

<u>Exhibit 412</u>. This subsequent statement allegedly made by Ms. Eicher does nothing to prove a state of mind at or before the time alleged in the information. Beyond that the Defendant stands on her prior objection.

<u>Exhibit 413</u>. The Defendant stands on her prior objection.

<u>Exhibit 414</u>. The Defendant stands on her prior objection.

<u>Exhibit 415</u>. The Defendant stands on her prior objection.

<u>Exhibit 418</u>.  The Defendant stands on her prior objection.

<u>Exhibit 419</u>.  The Defendant stands on her prior objection.

<u>Exhibit 420</u>.  The Defendant stands on her prior objection.

<u>Exhibit 421</u>.  The Defendant stands on her prior objection.

<u>700-series Exhibits</u>.  The Defendant stands on her prior objections.

Respectfully Submitted,

**Jolene Eicher**
By Counsel

JUVAL O. SCOTT
Federal Public Defender
Western District of Virginia

**Matthew Hill**
Assistant Federal Public Defender
Missouri State Bar No. 47889
New Hampshire State Bar No. 18864
Arkansas State Bar No. 2018170
Attorney for the defendant
Federal Public Defender's Office
201 Abingdon Place
Abingdon, VA 24211
Telephone: (276) 619-6086
Fax: (276) 619-6090
matt_hill@fd.org

**Certificate of Service**

The undersigned hereby certifies that this document was filed electronically and a copy will automatically be sent to all counsel of record by the CM/ECF system.

/s/ Matthew Hill