UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOLENE EICHER,<br><br>Defendant. | Criminal Action No. 22-38 (BAH)<br><br>Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Defendant Jolene Eicher, who is facing trial in June 2023 on a superseding information charging her with four misdemeanors stemming from her alleged conduct at the U.S. Capitol on January 6, 2021, seeks expanded *voir dire* during jury selection, with an additional 30-minute segment of attorney-led *voir dire* at the conclusion of Court-led *voir dire*. Def.'s Mot. Partial Attorney Conducted *Voir Dire* ("Def.'s Mot.") at 2–3, ECF No. 58. The motion is denied for the reasons outlined below.

**I.      DISCUSSION**

The law is clear that "the trial court retains great latitude in deciding what questions should be asked on *voir dire*," *Mu'Min v. Virginia*, 500 U.S. 415, 424 (1991); *accord United States v. Tsarnaev*, 142 S. Ct. 1024, 1034 (2022), including in the "mode and manner of proceeding" and "the range of questions put to the prospective jurors," *United States v. Littlejohn*, 489 F.3d 1335, 1342 (D.C. Cir. 2007) (quoting *United States v. Robinson*, 475 F.2d 376, 380 (D.C. Cir. 1973)). That discretion will be exercised here by rejecting defendant's request for supplemental attorney-conducted *voir dire*.

The applicable procedural rule gives the Court discretion to "examine prospective jurors or [] permit the attorneys for the parties to do so." FED. R. CRIM. P. 24(a). To be sure, some Judges

1

on this Court allow counsel to ask follow-up questions directly to prospective jurors during *voir dire*. *See, e.g.*, *United States v. Rhine*, Case No. 21-cr-687 (RC), 2023 WL 372044, at *5 (D.D.C. Jan. 24, 2023) ("[T]he Court grants Defendant's alternative request for individual questioning during *voir dire*."); *United States v. Chwiesiuk,* Case No. 21-cr-536 (CKK), 2023 WL 2562517, at *7 (D.D.C. March 17, 2023) (explaining that the Court's "trial procedures order" already allows counsel to "pose brief follow-up questions" to potential jurors during *voir dire*). This is a matter of discretion, however.

Allowing attorney-conducted *voir dire* may invariably, as the government notes, "extend proceedings and increase the risk that improper or leading questions are asked to prospective jurors." Gov't's Opp'n at 2, ECF No. 62; *see also* C.J. Williams, *To Tell You the Truth, Federal Rule of Criminal Procedure 24(a) Should Be Amended to Permit Attorneys to Conduct Voir Dire of Prospective Jurors*, 67 S. C. L. REV. 35, 62 (2015) (acknowledging, without rebutting, the criticism "that attorneys abuse the opportunity to question prospective jurors by trying to improperly influence them"); Reid Hastie, *Is Attorney-Conducted Voir Dire an Effective Procedure for the Selection of Impartial Juries?,* 40 AM. U. L. REV. 703, 705 (1991) ("[A] negative factor in jury selection relates to attorney use of *voir dire* to systematically indoctrinate jurors by creating doubts about the credibility of opposition witnesses, or construing the evidence or the law in a manner to favor their side of the case."). With the Court in control of *voir dire* questioning, the risk of potential jurors being prejudiced or influenced by counsel's questioning is significantly mitigated if not outright eliminated.

Defendant raises a host of arguments in favor of attorney-conducted *voir dire*, nearly all of which are resolved by this Court's *voir dire* process that meaningfully involves counsel for the parties. First, defendant urges that attorney-conducted *voir dire* is an important safeguard to ensure

that the parties have "sufficient information from the potential jurors upon which to base their [peremptory] challenges," Def.'s Mot. at 4, and second, that attorneys' in-depth knowledge of the case equips them with better follow-up questions than the Court. Def.'s Mot. at 5–6. Third, defendant argues that attorney-led *voir dire* facilitates attorneys in "trying to prove a prima facie case of discrimination or trying to rebut one," pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). Def.'s Mot. at 9–11. Fourth, defendant argues that permitting attorney-led *voir dire* "avoid[s] reversible error on appeal," because parties cannot complain about the jury selection process when counsel had the opportunity—and still failed—to ask certain questions. Def.'s Mot. at 12–14. All of these arguments reveal a lack of understanding of this Court's jury selection process, where the Court poses questions collectively to the venire panel as a whole, based upon input from the parties through proposed *voir dire* questions submitted as part of the parties' Joint Pretrial Statement. Then, follow-up questions will be asked of prospective jurors individually, as necessary, after consultation with counsel for defendant and the government. *See* FED. R. CRIM. P. 24(a)(2)(B) ("If the court examines the jurors, it must permit the attorneys for the parties to: . . . submit further questions that the court may ask if it considers them proper."). Thus, counsel for both parties will have the opportunity to propose to the Court follow-up questions to be posed to prospective jurors to ensure a searching *voir dire*—allaying defendant's concerns about the limitations of the Court's ability to craft insightful follow-up questions, but without unnecessarily delaying the jury-selection process and risking prejudicing potential jurors.

  Defendant raises the separate argument that prospective jurors may be less likely to "self-disclos[e]" to judges than to attorneys due to the former's "status," Def.'s Mot. at 6–7—a concern that would only be allayed by attorney-conducted *voir dire*. Even assuming that the forty-year-old social science research that defendant cites for this principle remains accurate, the risk that

3

attorneys may ask improper or leading questions outweighs this potential harm. Contrary to defendant's argument, questioning by the presiding judge emphasizes the gravity and seriousness of the process and the necessity for complete honesty. Defendant's asserted interest in pressing potential jurors on a "line of question[ing]" regarding their "feelings about whether persons who went to the United States Capitol on January 6, 2021 (other than persons whose employment required their presence) committed some crime" underscores this risk, because such questions—without the moderating role of the Court in pre-screening them—could easily transform into not-so-subtle attempts at advocacy. Def.'s Reply at 2, ECF No. 65. In this Court's experience, including with previous criminal trials arising from the January 6, 2021 riot, potential jurors have consistently demonstrated candor during the Court-led *voir dire* process. In the view of this Court, defendant's request for attorney-conducted *voir dire* is both unnecessary and counterproductive.

## II.     ORDER

For the foregoing reasons, it is hereby

**ORDERED** that defendant's Motion for Partial Attorney Conducted *Voir Dire*, ECF No. 58, is **DENIED**.

**SO ORDERED.**

Date: May 23, 2023

_____
BERYL A. HOWELL
U.S. District Judge