UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 v.<br><br>JOLENE EICHER,<br>         Defendant. | Criminal Case No. 22-38 (BAH)<br><br>Judge Beryl A. Howell |

## INSTRUCTIONS TO THE JURY

The attached instructions were read to the jury in the trial of the captioned case on June 13, 2023, and given to the jury for deliberations on June 13, 2023.

Date: June 13, 2023

_____
BERYL A. HOWELL
U.S. District Judge

**FINAL JURY INSTRUCTIONS** – *U.S. v. Jolene Eicher,* **22-cr-38**

Ladies and gentlemen, at this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been presented.  It is your sworn duty to base your verdict upon the law given in these instructions and upon the evidence that has been admitted in this trial.

I see some of you have your pens ready, so let me just let you know: I will provide each of you with a copy of these instructions, so you do not need to take notes; just listen carefully.  During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me a note.  I will give you instructions on how to do that at the end of these instructions.  The copy of these instructions given to you will be returned to me when you render your verdict.

As I stated in my preliminary instructions to you at the beginning of the trial, my function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.  It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  As I said before, you may not ignore or refuse to follow any of them.

Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts.  While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence.  You alone decide the credibility or believability of the witnesses.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases.  Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware.  Personal prejudices, preferences, or biases have no place in a courtroom, where our goal is to arrive at a just and impartial verdict.  All people deserve fair treatment in our system of justice regardless of any personal characteristics, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic.  You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide the case.  If you believe that I have expressed or indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive responsibility.

If any reference by me or any of the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case consists of the sworn testimony of the witnesses and the exhibits that were admitted into evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in light of your experience.  You should give any evidence such weight as in your judgment it is fairly entitled to receive.

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

**FINAL JURY INSTRUCTIONS** – *U.S. v. Jolene Eicher,* **22-cr-38**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant Jolene Eicher to prove her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Ms. Eicher is charged, it is your duty to find her guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find Ms. Eicher not guilty of that offense.

As I mentioned during the preliminary instructions I gave you at the very beginning of the trial, the government has the burden of proving Ms. Eicher guilty beyond a reasonable doubt as to each element of each charge against her. In civil cases, by contrast, it is only necessary to prove that a fact is more likely than not, or, in some cases, that its truth is highly probable.

In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of Ms. Eicher's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters of life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

I'm going to give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, he looked out a window and saw no snow on the ground, and then he went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of the charges to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite. Remember also that the defendant has no burden or obligation to call any witnesses.

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party they represent. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.

## EVALUATION OF TESTIMONY

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may also consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

A police officer or other law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any other witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer or law enforcement officer.

Every defendant in a criminal case has an absolute right not to testify. Ms. Eicher has chosen to exercise that right. You must not hold this decision against her, and it would be improper for you to speculate as to the reason or reasons for her decision. You must not assume the defendant is guilty because she chose not to testify.

Someone's intent or knowledge cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statements made or acts done by Ms. Eicher, and all other facts and circumstances received in evidence which may indicate her intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts she intentionally did or did not do. It is entirely up to you to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Ms. Eicher acted with the necessary state of mind.

This case involves alleged conduct of the defendant that may be directly relevant to her political views or beliefs around the time of that conduct. As a general matter, a person's political views are not a relevant consideration in deciding whether the government has met its burden of proof. In some cases, such as this, political beliefs or views may be relevant to a defendant's mental state, and if so, you should consider them only in this respect. But you should not hold any perceived view of a defendant's political beliefs or views against her. Every person in this country is entitled to be judged by an impartial jury.

## CHARGES

At the beginning of the trial, I gave you preliminary instructions that generally described the different types of charges that the government has brought against the defendant. **MS. EICHER** is charged with committing offenses charged in four separate counts. I will read those charges to you now and then explain the definitions of terms used in the charges and the elements of each charge. When no formal definition is provided for a term, please rely on your everyday understanding of the word. Again, keep in mind that you will have a copy of these instructions when you deliberate, so you need not write all this down.

## COUNT ONE – Entering or Remaining in a Restricted Building or Grounds

Count One charges that: On or about January 6, 2021, in the District of Columbia, **JOLENE EICHER** did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the U.S. Capitol and its grounds, where the Vice President was temporarily visiting, without lawful authority to do so, in violation of 18 U.S.C. § 1752(a)(1).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so; and
2. Second, the defendant did so knowingly.

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all the evidence, including what the defendant did or said.

## COUNT TWO – Disorderly or Disruptive Conduct in a Restricted Building or Grounds

Count Two charges that: On or about January 6, 2021, in the District of Columbia, **JOLENE EICHER** did knowingly, and with intent to impede and disrupt the orderly conduct of government business and official functions, engage in disorderly and disruptive conduct in a restricted building or grounds, in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions, in violation of 18 U.S.C. § 1752(a)(2).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;
2. Second, the defendant did so knowingly and with intent to impede or disrupt the orderly conduct of Government business or official functions; and
3. Third, the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

The term "disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The terms "restricted building or grounds" and "knowingly" have the same meanings as described in the instruction for Count One.

## COUNT THREE – Disorderly or Disruptive Conduct in a Capitol Building

Count Three charges that: On or about January 6, 2021, in the District of Columbia, **JOLENE EICHER** willfully and knowingly engaged in disorderly and disruptive conduct within the U.S. Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or either House of Congress, in violation of 40 U.S.C. § 5104(e)(2)(D).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

1. First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings;
2. Second, the defendant acted with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress;
3. Third, the defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, SE, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same meaning described in the instruction for Count Two defining "disorderly conduct" and "disruptive conduct."

For the purposes of Count Three, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College Presidential Election of 2020.

A person acts "willfully" if she acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that her conduct may be violating.

The term "knowingly" has the same meaning described in the instruction for Count One.

## COUNT FOUR – Parading, Demonstrating, or Picketing in a Capitol Building

Count Four charges that: On or about January 6, 2021, within the District of Columbia, **JOLENE EICHER**, willfully and knowingly paraded, demonstrated, and picketed in any United States Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

1. First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings;
2. Second, the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

The term "knowingly" has the same meaning described in the instruction for Count One, and the terms "United States Capitol Buildings" and "willfully" have the same meanings described in the instructions for Count Three.

## DELIBERATIONS AND LOGISTICAL MATTERS

Each count charges a separate offense against defendant Jolene Eicher. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count unless I instruct you to do otherwise. The fact that you may find the defendant guilty or not guilty on any one count should not influence your verdict with respect to any other count. At any time during your deliberations, you may return your verdict of guilty or not guilty with respect to any count.

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

You will be provided with a Verdict Form for your use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have given to you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. This form, the verdict form, is meant only to assist you in recording your verdict.

During the course of this trial, some exhibits were admitted in evidence with some words or portions blacked out or otherwise removed. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are not relevant or implicate an individual's privacy. As you examine the exhibits, and you see portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is admitted before you.

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that any exhibits that were only

marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you as the jury should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a fair and full consideration of that evidence.

The question of possible punishment of the defendant in the event of a conviction is not a concern for you and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

I would like to remind you that, in some cases, there may be reports on the Internet, television, radio, or newspaper concerning this case or other reporting related to the events at the U.S. Capitol on January 6, 2021. You may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial or related events inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let Ms. Gumiel (my courtroom deputy) know as soon as you can after it happens, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a phone, smart phone, iPhone, computer, tablet, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or social media service such as Facebook, LinkedIn, YouTube, Twitter, or Instagram—the list keeps growing—to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate, and you are only permitted to discuss this case with your fellow jurors during deliberations because they have seen and heard the same evidence as you. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or court security officer who will be stationed outside the jury room. This note should be signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me

except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person--not the clerk, the court security officer, who will be stationed outside the jury room, or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.  Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.  Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.  Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

*   *   *

**That concludes my final instructions.  You may now retire to the jury room to begin your deliberations.**