# United States District Court
# District of Columbia

| | |
|---|---|
| United States of America | ) |
| | ) |
| vs. | ) Case No. 1:22-CR-00038-BAH |
| | ) |
| Jolene Eicher | ) |

### Defendant's Position Regarding Zero Point Offender

Matthew Hill
Assistant Federal Public Defender
201 Abingdon Pl
Suite 201
Abingdon, VA  24210

The Court has ordered that Ms. Eicher state her position as to whether she would qualify as a zero-point offender under the proposed amendments to the United States Sentencing Guidelines. Ms. Eicher does so qualify.

The United States Sentencing Commission has proposed amendments to the sentencing guidelines. Those amendments go into effect on November 1, 2023.

The proposed amendments will create a new guideline section §4C1.1. This new section creates an adjustment to the offense level in certain conditions. Here is the relevant portion of this new section:

§4C1.1. Adjustment for Certain Zero-Point Offenders

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and Criminal History 88 | April 27, 2023

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

Jolene Eicher checks all of these boxes. She qualifies for the adjustment in this section:

One, Jolene has zero criminal history points;

Two, Jolene's guideline calculation does not include an adjustment under §3A1.4;

Three, Jolene's did not use violence or a credible threat of violence in connection with the offense;

Four, the offense did not result in death or serious bodily injury;

Five, the offenses here are not sex offenses;

Six, Jolene did not personally cause substantial financial hardship;

Seven, Jolene's offense did not involve a firearm or other dangerous weapons;

Eight, the offenses here is not covered by §2H1.1;

Nine, Jolene did not receive an adjustment under either §3A1.1 or §3A1.5; and

Ten, there was no adjustment under §3B1.1 and there was no continuing criminal enterprise.

The total offense level in the Final PSR should be reduced by 2 levels.

                                      Respectfully submitted,

**Mary Maguire**
Federal Public Defender
Western District of Virginia

Matthew Hill
Assistant Federal Defender
Missouri Bar No. 47889
New Hampshire Bar No. 18864
Arkansas Bar No. 2018170
201 Abingdon Pl
Suite 201
Abingdon, VA  24211

(276) 619-6080  
Fax: (276) 619-6090  
matt_hill@fd.org

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically and a copy will automatically be sent to all counsel of record by the CM/ECF system.

/s/Matthew Hill