UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 22-cr-38 (BAH) |
| v. : | |
| : | |
| JOLENE EICHER, : | |
| : | |
| Defendant : | |

GOVERNMENT'S RESPONSE TO THE
COURT'S AUGUST 31, 2023 MINUTE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's August 31, 2023 Minute Order directing the government to indicate its position in this case regarding the new §4C1.1 proposed by the Sentencing Commission.

I.      Retroactivity and §4C1.1

The new §4C1.1 proposed by the Sentencing Commission, as well as any retroactive application of §4C1.1 resulting from an amendment to U.S.S.G. §1B1.10, will not take effect unless and until Congress adopts these provisions, without further modification, on November 1, 2023. Accordingly, the proposed § 4C1.1 does not apply to defendant Eicher's sentence. For example, in *United States v. Griffith*, 21-cr-244 (CKK), Judge Kollar-Kotelly recently rejected the application of §4C1.1 on the grounds that this section has not yet been formally adopted.

This approach is consistent with the U.S. Code and case law. *See* 28 U.S.C. § 994(p); *Stinson v. United States*, 508 U.S. 36, 41 (1993) ("Amendments to the Guidelines must be submitted to Congress for a 6-month period of review, during which Congress can modify or disapprove them."). Absent Congressional action, the amended Guideline will not take effect until

November 1, 2023. Moreover, courts are required to apply the version of the Guidelines in effect at the time of sentencing. *See* 18 U.S.C. § 3553(a)(4)(A)(ii); Sentencing Guidelines § 1B1.11(a). Finally, the Commission has the authority to decide whether a new Amendment applies retroactively. 28 U.S.C. § 994(o). As the Commission has acted to apply this section retroactively on or after February 1, 2024, the defendant will thus have an opportunity to seek a sentence reduction under 18 U.S.C. § 3582(c)(2) after February 1, 2024.

II.     **Application of §4C1.1 in this Case**

While the Court may vary downward by two levels for defendants the Court determines would otherwise be subject to §4C1.1, the Court should neither apply §4C1.1 nor vary downward in this case.

While §4C1.1 will arguably apply to future defendants who do not engage in violence or threats of violence, the January 6 riot was a violent attack that threatened the lives of legislators and their staff, interrupted of the certification of the 2020 Electoral College vote count, did irrevocable harm to our nation's tradition of a peaceful transfer of power, caused more than $2.9 million in losses, and injured more than one hundred police officers. Every rioter, whether or not they personally engaged in violence or personally threatened violence, contributed to this harm. *See, e.g., United States v. Rivera*, 21-cr-60 (CKK), ECF No. 62 at 13 ("Just as heavy rains cause a flood in a field, each individual raindrop itself contributes to that flood. Only when all of the floodwaters subside is order restored to the field. The same idea applies in these circumstances. Many rioters collectively disrupted congressional proceedings and each individual rioters contributed to that disruption. Because [the defendant's] presence and conduct in part caused the continued interruption to Congressional proceedings, the court concludes that [the defendant] in fact impeded or disrupted the orderly conduct of Government business or official functions"). The

government notes that to date, no court has applied §4C1.1 in any January 6 case, and the court in *United States v. Nassif*, 21-cr-421 (JDB), specifically rejected such a request where the defendant was convicted of violations of 18 U.S.C. §§ 1752(a)(1) and 1752(a)(2) and 40 U.S.C. §§ 5104(e)(2)(D) and 5104(e)(2)(G).

Moreover, the Sentencing Commission enacted §4C1.1 based on recidivism data for offenders released in 2010. *See* U.S. SENT'G COMM'N, RECIDIVISM OF FEDERAL OFFENDERS RELEASED IN 2010 (2021), available at https://www.ussc.gov/research/research-reports/recidivism-federal-offenders-released-2010. Given the unprecedented nature of the Capitol attack, there is no reason to believe this historical data is predictive of recidivism for defendants who engaged in acts of political extremism on January 6. This is particularly so given the degree to which individuals, including defendants who have been sentenced, continue to propagate the same visceral sentiments that motivated the attack.

Due to the unique nature of the January 6 mob, the harms caused by the January 6 riot, and the significant need to deter future mob violence, the government submits that even if the Court finds that §4C1.1 applies, the Court should nevertheless vary upwards by two levels to counter any reduction in offense level. Such treatment would recognize the unique nature of the criminal events of January 6, 2021, coupled with the overwhelming need to ensure future deterrence, despite a person's limited criminal history.

Finally, to avoid unnecessary litigation, the government requests that the Court make clear at sentencing that it would have imposed the same sentence regardless of whether §4C1.1 applies. To the extent the Court does apply §4C1.1, the government also requests that this Court foreclose any additional retroactive reductions after November 1, 2023 pursuant to this guideline.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                D.C. Bar No. 481052

By:    */s/ Nathaniel K. Whitesel*
                NATHANIEL K. WHITESEL
                Assistant United States Attorney
                D.C. Bar No. 1601102
                601 D Street, N.W.
                Washington, D.C.
                nathaniel.whitesel@usa.doj.gov
                (202)252-7759

                */s/ Christopher Brunwin*
                CHRISTOPHER BRUNWIN
                Assistant United States Attorney
                California Bar No. 158939
                Central District of California
                312 N. Spring Street
                Los Angeles, California 90012
                christopher.brunwin@usdoj.gov
                (213)894-4242